Turnee, J.
 

 This case presents two questions for decision:
 

 (1) Has the city of Toledo the power to provide by its charter or ordinance for the assessment and collection of an income tax?
 

 (2) If the municipality has the power to enact such legislation, may it impose such a tax upon nonresidents who work and receive their pay in Toledo ?
 

 The income tax question in Ohio has become confused by two causes, first, in the case of
 
 State, ex rel. Zielonka, City Solicitor,
 
 v.
 
 Carrel, Aud.,
 
 99 Ohio St., 220, 228, 124 N. E., 134, the following obiter dictum is found:
 

 “It may he said in this connection that it is clearly to he implied from the Constitution that municipalities are without power to levy an income or inheritance tax.”
 

 
 *181
 
 No inheritance or income tax was before the court in that case nor are such subjects mentioned in the syllabus of the case.
 

 The second cause of confusion results from failing to bear in mind that while the federal Constitution is a delegation of powers, the state Constitution is a limitation of powers. In other words, an act of Congress is not valid unless the federal Constitution authorizes it. On the other hand, the General Assembly of Ohio may enact any law which is not prohibited by the Constitution. Therefore, it was necessary to amend the federal Constitution before the Congress could enact a valid income tax law without regard to any apportionment and without regard to any census or any enumeration.
 

 In 1 Cooley’s Constitutional Limitations (8 Ed.), 11, it is said:
 

 “The government of the United States is one of
 
 enumerated powers-,
 
 the national Constitution being the instrument which specifies them, and in which authority should be found for the exercise of any power which the national government assumes to possess. In this respect it differs from the constitutions of the several states, which are not grants of powers to the states, but which apportion and impose restrictions upon the powers which the states inherently possess.”
 

 In 1 Story on the Constitution (5 Ed.), 663, Section 909, it is said:
 

 “The Constitution [federal] was, from its very origin, contemplated to be the frame of a national government, of special and enumerated powers, and not of general and unlimited powers.”
 

 Speaking of the Sixteenth Amendment to the federal Constitution which authorized the passage of an income tax law without apportionment, etc., Mr. Chief Justice White said at pages 10 and 11 in the case of
 
 Brushaber
 
 v.
 
 Union Pacific Rd. Co.,
 
 240 U. S., 1, 60 L. Ed., 493, 36 S. Ct., 236, Ann. Cas. 1917B, 713:
 

 
 *182
 
 “We are of opinion, however, that the confusion is not inherent, but rather arises from the conclusion that the Sixteenth Amendment provides for a hitherto unknown power of taxation, that is, a power to levy an income tax, * * * as the power conferred by the amendment is
 
 new
 
 and
 
 prospective
 
 * * #.” (Italics ours.)
 

 In the home-rule amendment to the Ohio Constitution (Article XVIII) the sovereignty of the state was so limited as to confer certain sovereignty upon municipalities,
 
 viz.,
 
 Sections 3 and 7 of Article XVIII.
 

 Section 3 of Article XVIII provides:
 

 “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, Sanitary and other similar regulations, as are not in conflict with general laws.”
 

 Section 7 of Article XVIII provides:
 

 “Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government.”
 

 A fundamental power of government is the power to raise revenue. At the time of the adoption of Article XVIII, there was adopted, and remains in effect, Section 13 thereof, which provides as follows:
 

 “Laws may be passed to limit the power of municipalities to levy taxes and incur debts for local purposes * *
 

 Section 6 of Article XIII of .the Ohio Constitution provides for the restriction of the power of taxation by municipalities.
 

 Now the General Assembly may not enact an income tax law unless in accordance with Sections 8 and 9 of Article XII of the Ohio Constitution.
 

 While an income tax may be regarded as in the nature of an excise tax, the Constitution of Ohio differentiates an excise tax from an income tax.
 

 
 *183
 
 Sections 8 and 9 of Article XII provide for a limitation on an income tax law, while in Section 10 of Article XII is found the provision:
 

 “Laws may be passed providing for excise and franchise taxes and for the imposition of taxes upon the production of coal, oil, gas and other minerals.”
 

 In the interpretation of the Ohio Constitution an income tax is not to be treated as an excise tax.
 

 As said in 1 Cooley on Taxation (4 Ed.), 138, Section 49:
 

 “In its ordinary and popular meaning, ‘income’ is the amount of actual wealth which comes to a person during a given period of time. An income tax is one levied on the income from property or an occupation. It is a direct tax upon the thing called income. It is a special rather than a general tax. An excise upon those engaged in a particular occupation, although graded in accordance with income, is an occupation tax and not an income tax. ’ ’
 

 Section 8 of Article XII of the Ohio Constitution provides:
 

 “Laws may be passed providing for the taxation of incomes, and such taxation may be either uniform or graduated, and may be applied to such incomes as may be designated by law ; but a part of each annual income not exceeding three thousand dollars may be exempt from such taxation.”
 

 Section 9 of Article XII of the Ohio Constitution provides:
 

 “Not less than fifty per centum of the income and inheritance taxes that may be collected by the state shall be returned to the county, school district, city, village, or township in which said income or inheritance tax originates, or to any of the same, as may be provided by law.”
 

 Therefore, until the General Assembly of Ohio has pre-empted the income tax field, a municipality, sub
 
 *184
 
 ject to such limitation as may be imposed by the General Assembly under Section 13 of Article XVIII or Section 6 of Article XIII of the Ohio Constitution, may levy and collect an income tax. So that today, in the absence of legislation by the General Assembly providing for a uniform or graduated income tax and the requited apportionment thereof and subject to Section 13 of Article XVIII and Section 6 of Article XIII limiting the power of taxation, Ohio municipalities have the power to levy and collect an income tax.
 

 This court is, therefore, unanimously of the opinion that the city of Toledo had the power to adopt the income tax feature and that the Ordinance No. 18-46 is constitutional and enforceable.
 

 We pass now to our second question: Our holding that the Toledo charter and Ordinance No. 18-46 are valid does not prevent the raising of other questions. While other questions are discussed in the briefs, only the two above noted questions are raised by the record.
 

 In plaintiff’s petition he avers that the city council adopted and passed the ordinance in question on or about the 28th day of January 1946. Plaintiff then proceeds to aver:
 

 “Plaintiff further says that he is not a resident of the city of Toledo, Ohio, but that he earns and receives his wages and salary in the city of Toledo and that his employer, the defendant, the E. B. Badger Company, has without his consent and authority, and in spite of his direction that said tax shall not be deducted from his wages, ever since said ordinance became effective and the plaintiff worked since 7-1-48 been deducting said tax from his pay, withholding said tax amounts and turning same over to the Commissioner of Taxation of the City of Toledo, defendant. Plaintiff further says that on account and by virtue of the said Ordinance No. 18-46 the plaintiff is not receiving his full pay for his services rendered to his said employer.
 
 *185
 
 The defendant E. B. Badger Company is continuing and will continue to deduct said payroll tax from the wages and earnings of the plaintiff under the terms of said ordinances.”
 

 It will thus he seen from plaintiff’s petition that the ordinance was in effect at the time plaintiff began his employment in Toledo. Therefore, there was no impairment of plaintiff’s contract of employment.
 

 In the case of
 
 Wisconsin v. J. C. Penney Co.,
 
 311 U. S., 435, 85 L. Ed., 267, 61 S. Ct., 246, it was held that the test of whether a tax law violates the due process clause is whether it bears some fiscal relation to the protections, opportunities, and benefits given by the state, or, in other words, whether the state has givén anything for which it can ask a return.
 

 The municipality certainly does afford protection against fire, theft, et cetera, to the place of business of plaintiff’s employer and the operation thereof without which plaintiff’s employer could not as readily run its business and employ help. In other words, the city of Toledo does afford to plaintiff not only a place to work but a place to work protected by the municipal government of Toledo.
 

 We are of the opinion that Section 6 of Ordinance No. 18-46 of the city of Toledo is a valid enactment.
 

 We have examined each of the authorities cited by plaintiff and are of the opinion that none of them is contrary to our finding here which finding is limited to the two questions set out at the beginning of our opinion.
 

 Therefore, the judgment of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.