CITY OF TOLEDO, APPELLEE, *v.* SCHUDEL, APPELLANT.

(No. 4540—Decided April 2, 1951.)

*Mr. John J. McCarthy,* director of law, for appellee.
*Mr. Robert N. Zanville,* for appellant.

CARPENTER, J. In 1946, Fred C. Schudel, who resides outside the city of Toledo, was employed in the United States post office in that city and received wages that year for his services. He did not file a re-

turn and pay the tax on that income as required by city ordinance No. 18-46 (the pay-roll income tax ordinance), under which it was provided that that return should be made and the tax paid on or before March 15, 1947.

On April 20, 1950, an affidavit was filed in the Municipal Court of Toledo, charging the defendant, under the penalty provision of that ordinance, with a violation of it in the respect above stated.

On trial he was found guilty and sentenced to pay the costs. On appeal to the Court of Common Pleas, that sentence was affirmed and from that judgment of affirmance this appeal on questions of law was taken.

In the trial court, the Common Pleas Court, and now in this court, the defendant has contended that prosecution of him was barred by the statute of limitations as expressed in Sections 4562 and 12381, General Code, which are as follows:

"Section 4562. Suits or prosecutions for the recovery of fines, penalties, or forfeitures, or for the commission of any offense made punishable by any bylaw or ordinance of any municipal corporation, shall be commenced within one year after the violation of the ordinance, or commission of the offense, and not afterward."

"Section 12381. A person shall not be indicted or criminally prosecuted for a misdemeanor, the prosecution of which is not specially limited by law, unless such indictment is found, or prosecution commenced, within three years from the time such misdemeanor was committed."

The city contends that there is no limitation fixed as to such prosecution. It cites section 16 of the ordinance, which dealt with the obligation of taxpayers to pay after the expiration of the ordinance, December 31, 1950. The material part thereof was as follows:

"For purposes of collection of delinquent or unpaid taxes, actions or proceedings for such collection and/or the collection of interest and penalties thereon, or enforcing any provisions of the ordinance (including prosecutions under the criminal sections of the ordinance and including appeals before the board of review), the ordinance remains in force and effect until such time as all taxes accruing during the life of the tax, ending December 31st, 1950, shall have been fully paid and all actions, suits and prosecutions, appeals and other judicial or administrative proceedings relative to the collection of payment of any such tax, have been finally terminated."

That section did not deal with the beginning phase of a prosecution. In no sense was it a statute of limitation. Its purpose was to keep alive proceedings or prosecutions lawfully commenced, even if the ordinance expired December 31, 1950, as it did by its terms.

The city contends also that the failure to make return and pay the tax is a continuing misdemeanor until the tax is paid. That is true, but March 16, 1947, marked the time when the right of the city to begin a prosecution accrued, and if there is a time limitation to that right, it is to be reckoned from that date.

No provision of this ordinance or any other ordinance of the city of Toledo which provides a limitation of such a criminal action as this has been cited by counsel, and the court has found none.

Looking to the city charter, there is found in section 10 of its omnibus, an enumeration of the powers of the municipality under the charter, as follows:

"Section 10. Enumeration not exclusive. The enumeration of particular powers by this charter shall not be held or deemed to be exclusive; but in addition to the powers enumerated or implied therein or appro-

priate to the exercise thereof, the city of Toledo shall have and may exercise all other powers which under the Constitution and laws of Ohio now are, or hereafter may be, granted to cities. Powers proper to be exercised, and not specially enumerated herein, shall be exercised and enforced in the manner prescribed by this charter, or, when not prescribed herein, in such manner as shall be provided by ordinance or resolution of the council, *or by statute.*" (Emphasis added.)

There is no question here as to the validity of the tax ordinance. That was settled in *Angell* v. *City of Toledo,* 153 Ohio St., 179, 91 N. E. (2d), 250. Nor is there any question about the general constitutional powers of the city to provide for its government. However, in the absence of exercise of any power by the city, either by charter or ordinance, under section 10, the statute controls. The charter itself so declares.

There being no limitation by ordinance of the time for prosecuting this action, the statute controls, and, under the statute, whether it be one year under Section 4562, General Code, or three years under Section 12381, General Code, is immaterial because the action against this defendant was barred March 15, 1950, and this prosecution was not commenced until April 20, 1950.

The judgments of the Common Pleas and Municipal Courts are reversed and the defendant discharged.

*Judgment reversed.*

Fess and Conn, JJ., concur.