MERCURE, APPELLANT, *v.* BOARD OF EDUCATION OF COLUMBIANA SCHOOL DISTRICT ET AL., APPELLEES.

(No. 1085—Decided April 27, 1976.)

*Mr. Geoffrey S. Goll,* for appellant.

*Mr. Joseph J. Baronzzi,* prosecuting attorney, and *Mr. James P. Taus,* for appellees.

LYNCH, P. J. Plaintiff filed a declaratory judgment action, the general purpose of which was to have R. C. 3311.18 and 3313.90 declared unconstitutional on several grounds. Specifically, plaintiff is a resident and taxpayer of the Columbiana Exempted Village School District which joined with seven other school districts to become part of the Columbiana County Joint Vocational School District, pursuant to R. C. 3311.18.

On June 3, 1975, the voters in the Columbiana County Joint Vocational School District passed an additional tax of 4.3 mills for acquiring a site, erecting and furnishing a school building thereon and other expenses. However, the majority of the voters of the Columbiana Exempted Village School District voted against such tax levy.

Plaintiff prayed for an injunction restraining the County auditor from placing any levies for defendant Columbiana County Joint Vocational School District on the tax duplicate. The trial court sustained the motion of the 'School District for summary judgment and dismissed plaintiff's complaint. Plaintiff is appealing this judgment of the trial court.

Plaintiff's only assignment of error is that the judgment of the trial court is against the manifest weight of the evidence and is contrary to law.

There was no evidence introduced in this case; therefore, the case must be decided on the admitted facts of the pleadings and affidavits filed with the motion for summary judgment. The facts are not in dispute. Thus, plaintiff's claims are only questions of law.

Plaintiff's initial brief is eighty-two pages with a fifteen page reply brief. He has divided his briefs under four general statements of the issues with numerous subdivisions. We have read the record of this case and all the briefs and conclude that there is no merit to any of plaintiff's claims and that many of his claims are facially with-

out merit. We will summarize plaintiff's claims and discuss them.

I.

R. C. 3311.18 provides as follows:

"Subject to the consent of the board of education of each school district whose territory is proposed to be included within a joint vocational school district, the initiating unit may create a joint vocational school district within the county or within an area comprised of two or more adjoining counties, composed of the territory of all the school districts whose boards of education have approved the formation of the joint vocational school district. The effective date for the establishment of such district shall be designated by the initiating unit. The boards of education of the school districts participating in the establishment of a joint vocational school district may participate on a proportional basis in meeting the administrative, clerical, and other expenses necessary to the establishment and operation of a joint vocational school district until funds are otherwise provided. A school district shall not lose its separate identity or legal existence by reason of becoming a part of a joint vocational school district. Expenditures made by a school district participating in the establishment of a joint vocational school district for meeting the administrative, clerical and other expenses necessary to the establishment and operation of a joint vocational school district until such time as the joint vocational school district commences to receive revenues as provided by law are hereby ratified and declared to have been lawfully made, the same as if such contributions had been lawful at the time they were made."

Plaintiff contends that the General Assembly lacks the power to create a joint vocational school district and that R. C. 3311.18 violates Section 2, Article XII of the Ohio Constitution, in permitting both the levying of taxes on the property owners of a school district beyond the ten mill limitation and the creation of a joint vocational school district without the approval of a majority of the electors of such school district.

The pertinent part of Section 2, Article XII of the Ohio Constitution states:

"No property, taxed according to value, shall be so taxed in excess of one percent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition * * *."

The pertinent parts of Article VI of the Ohio Constitution read as follows:

"§2. The General Assembly shall make such provisions, by taxation, or otherwise, as, with the income arising from the school trust fund, will secure a thorough and efficient system of common schools through the state * * *."

"§3. Provision shall be made by law for the organization, administration and control of the public school system of the state supported by public funds * * *."

The first two paragraphs of *State, ex rel. Core,* v. *Green* (1953), 160 Ohio St. 175, state as follows:

"1. By Sections 1, 2, and 3 of Article VI of the Ohio Constitution, the General Assembly is given broad powers to provide a thorough and efficient system of common schools by taxation and for the organization, administration, and control thereof.

"2. The General Assembly has the power to provide for the creation of school districts, for changes and modifications thereof, and for the methods by which changes and modifications may be accomplished, and, where it has provided methods by which changes in school districts may be made, no citizen has a vested or contractual right to the continuation of such methods."

In *Angell* v. *Toledo* (1950), 153 Ohio St. 179, the court stated as follows, at page 181:

"* * * [T]he General Assembly of Ohio may enact any law which is not prohibited by the Constitution."

The Ohio Supreme Court has repeatedly held that under the general grant of power to the Ohio General Assembly, in Section 1, Article II of the Ohio Constitution, it

has the power to create special taxing districts for special purposes within or coextensive with political divisions, or overlapping them. *State, ex rel. Bryant,* v. *Akron Metropolitan Park District* (1929), 120 Ohio St. 464; *State, ex rel. Wuebker,* v. *Bockrath* (1949), 152 Ohio St. 77; *State, ex rel. Fritz,* v. *Gongwer* (1926), 114 Ohio St. 642.

The creation of a joint vocational school district pursuant to R. C. 3311.18 and the levying of additional taxes pursuant to R. C. 3311.20, R. C. 3311.21 and Section 2, Article XII of the Ohio Constitution, which do not require approval of the majority of the electors of each school district that is a part of such joint vocational school district when the majority of the electors of the entire district approve such action is constitutionally valid. *State, ex rel.,* v. *Cincinnati* (1895), 52 Ohio St. 419; *Sailors* v. *Bd. of Education* (1967), 387 U. S. 105.

We hold that the General Assembly has authority to create joint vocational school districts as prescribed in R. C. 3311.18, pursuant to Sections 2 and 3, Article VI, and Section 1, Article II of the Ohio Constitution.

We further hold that when a joint vocational school district is created pursuant to R. C. 3311.18, it is a separate governmental entity created for a special educational function with the authority to impose additional taxes pursuant to R. C. 3311.20, R. C. 3311.21 and Section 2, Article XII of the Ohio Constitution; that an additional tax levy for a joint vocational school district is submitted to all the voters in the district; that the result of the election on such additional tax levy is determined by the total vote of the entire district; and the fact that a vote in one of the school districts which is part of the joint vocational school district is against such tax levy does not affect the result of such election when the total vote of the entire district is favorable to the imposition of such additional levy.

II.

The pertinent part of R. C. 3313.90 at issue in this case reads as follows:

"Each school district shall establish and maintain a vocational education program adequate to prepare a pupil enrolled therein for an occupation which program shall

meet standards adopted by the state board of education. A school district that is a member of a joint vocational school district or that contracts with a joint vocational school district or another school district for vocational education and that meets the standards adopted by the state board of education is in compliance with this section * * *.

"In meeting standards established by the state board of education, school districts, where practicable, shall provide vocational programs in high schools. A minimum enrollment of fifteen hundred pupils in grades nine through twelve is established as a base for comprehensive vocational course offerings. A school district may meet this requirement alone, through a cooperative arrangement pursuant to section 3313.92 of the Revised Code, through school district consolidation, by membership in a joint vocational school district, by contract with a school licensed by any state agency established by the Revised Code which school operates its courses offered for contracting with public schools under standards as to staffing and facilities comparable to those prescribed by the state board of education for public schools provided no instructor in such courses shall be required to be certificated by the state department of education, or in a combination of such ways. Exceptions to the minimum requirement of fifteen hundred pupils may be made by the state board of education based on sparsity of population or other factors indicating that comprehensive educational and vocational programs as required by this section can be provided through an alternate plan. * * *."

Plaintiff contends that R. C. 3313.90 violates Section 26, Article II of the Ohio Constitution, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

The pertinent part of Section 26, Article II, states:

"All laws, of a general nature, shall have a uniform operation throughout the state * * *."

Plaintiff contends that R. C. 3313.90 lacks uniformity because of the classification of school districts on the basis of being above and below an enrollment of 1500 pupils and because such statute only affects students interested in a

vocational educational program. He further claims the latter provision violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

In support of these contentions, plaintiff alleges many facts that are not supported by the record and expresses his philosophical opposition to vocational schools supported by public funds. A sample of his thinking are statements that there is no real or substantial difference between college bound and non-college students, and that the lawful purpose of a state school system is to raise the intelligence of the people, and, therefore, job training courses are excluded therefrom.

We hold that the question of whether job training courses should be included as part of the curriculum of high schools is a matter for the General Assembly to decide and that the General Assembly enacted R. C. 3313.90 within its constitutional authority and for the public interest in schools. We feel that job training courses should not be the sole purpose of the curriculum of a high school, but it should be one of its most important purposes.

In *State, ex rel. Ach,* v. *Evans* (1914), 90 Ohio St. 243, the court held that the classification of school districts based on population is constitutionally valid as long as such classification is not a false, unnecessary, arbitrary and evasive one. See *Miller* v. *Korns* (1923), 107 Ohio St. 287.

In *City of Xenia* v. *Schmidt* (1920), 101 Ohio St. 437, the court stated as follows, at page 451:

"The test, derived from the doctrines announced in both federal and state courts relative to classification, is this: Is there a real and substantial distinction in the classification attempted, or is it merely artificial, arbitrary or fictitious, made for the purpose of avoiding constitutional requirements?"

R. C. 3313.90 applies in the same manner to every school district in the state. No one is compelled to attend a vocational school, but such school is made available to those pupils who are interested in attending.

In *Norvell* v. *Illinois* (1963), 373 U. S. 420, the court stated as follows, on page 423:

"Exact equality is no prerequisite of equal protection

of the laws within the meaning of the Fourteenth Amendment.

In *Ferguson* v. *Skrupa* (1963), 372 U. S. 726, the court stated as follows, on page 732:

"Statutes create many classifications which do not deny equal protection; it is only 'invidious discrimination' which offends the Constitution."

We hold that there is no "invidious discrimination" in R. C. 3313.90.

We further hold that neither the provision of R. C. 3313.90 providing a minimum enrollment of 1500 high school pupils as a base for comprehensive vocational course offerings, nor the fact that such statute only benefits pupils interested in a vocational education program violates either Section 26, Article II of the Ohio Constitution or the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### III.

Plaintiff contends that R. C. 3313.90 violates the Ninth Amendment of the United States Constitution.

The Ninth Amendment of the United States Constitution is as follows:

"The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."

Despite the fact that plaintiff devoted nineteen pages in his initial brief discussing this claim, we are unable to see any application of the Ninth Amendment of the United States Constitution to R. C. 3313.90.

Plaintiff starts out with the proposition that education is an inalienable right between parents and their children and then he urges this court to define education "as the raising of intelligence, *i. e.*, the increasing or promotion of the proper activities of the intellect or mind of man." Thus, public schools should be limited to mental training and would be precluded from vocational training which is learning a skill so that a person becomes a tradesman.

The pertinent part of Section 7, Article I of the Ohio Constitution, is as follows:

"* * *.[K]nowledge, however, being essential to good government, it shall be the duty of the general assembly to pass suitable laws * * * to encourage schools and the means of instruction."

Plaintiff cites *Bd. of Education* v. *Minor* (1872), 23 Ohio St. 211, which interpreted the above cited provision of the Ohio Constitution.

It states, at page 243:

"Nothing is enjoined, therefore, but the encouragement of means of instruction in general 'knowledge'—the knowledge of *truth*."

"Intelligence" has several dictionary definitions, one of which is "knowledge." It also means "the capacity for knowledge and understanding."

Plaintiff is correct that "intelligence" includes "knowledge" as one of its meanings, but we feel that the plaintiff went off on a tangent by stressing the other meanings of "intelligence," other than "knowledge".

"Knowledge" also has several dictionary definitions. It means "familiarity gained by actual experience, practical skill, technical acquaintance, as a knowledge of life," as well as "that which is gained and preserved by knowing, instruction, enlightenment; learning; also broadly, the sum of information conserved by civilization."

We hold that under Section 7, Article I of the Ohio Constitution, the purpose of public schools is to initiate and to enlarge the knowledge of pupils in the area pertinent to present day living by suitable instruction.

We further hold that the vocational educational program under R. C. 3313.90 is one of the areas of knowledge pertinent to present day living provided by Section 7, Article I of the Ohio Constitution, and does not violate the Ninth Amendment of the United States Constitution.

We overrule all plaintiff's claims of error in this appeal.

*Judgment affirmed.*

Donofrio and Hofstetter, JJ., concur.

Hofstetter, J., of the Eleventh Appellate District, sitting by designation in the Seventh Appellate District.