City of COLUMBUS, DIVISION OF INCOME TAX, Appellee,

v.

RECKLESS et al., Appellants.

[Cite as *Columbus Div. of Income Tax v. Reckless* (1994), 100 Ohio App.3d 654.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APG05–717.

Decided Dec. 29, 1994.

*Ronald J. O'Brien*, City Attorney, and *Karen J. Huey*, Assistant City Attorney, for appellee.

*Walter W. Reckless*, for appellants.

---

STRAUSBAUGH, Judge.

Appellants, Walter W. Reckless and Sandra K. Reckless, appeal the decision of the Franklin County Municipal Court which entered judgment against appellants for an unpaid city tax assessment. Appellants set forth the following four assignments of error:

*"Assignment of Error No. 1*

"The trial court erred in holding and entering a judgment that defendants-appellants owe plaintiff-appellee $171.29.

*"Assignment of Error No. 2*

"The trial court erred in holding that defendants-appellants failed to timely pay estimated income taxes.

*"Assignment of Error No. 3*

"The trial court erred in holding that defendants-appellants owe any penalties and/or interest for failing to timely pay estimated income taxes.

*"Assignment of Error No. 4*

"The trial court erred in holding that plaintiff-appellee can apply City Code § 361.25 to require defendants-appellants to pay equal installments of estimated income taxes substantially before 'net profits' are earned—income is earned."

Appellants timely filed a declaration of estimated income tax with the city of Columbus for the 1991 tax year. Appellants' estimated income tax for the 1991 tax year was shown as $1,200, an amount equal to their actual 1990 city tax liability.

Appellants paid an installment of $300 on April 15, 1991, and paid an installment of $900 on December 15, 1991. However, C.C. 361.25 requires appellants to pay in four equal quarterly installments.

On October 9, 1992, the Division of Income Tax issued an assessment reflecting penalty and interest due and owing as a result of appellants' failure to timely pay their 1991 estimated tax in four equal quarterly payments pursuant to C.C. 361.25. The assessed penalty was $116.94, and the assessed interest was $54.34, for a total amount assessed of $171.28.

Appellants failed to pay the assessed amount. As a result, appellee filed a complaint against appellants in the Franklin County Municipal Court seeking a judgment for the unpaid assessment in the amount of $171.28. On April 19, 1994, the trial court upheld the assessment and awarded judgment to appellee in the amount sought. Appellants timely appealed.

Essentially, appellants contend that the trial court erred in holding that the city of Columbus can apply C.C. 361.25 to require appellants to pay equal installments of estimated income taxes before income is earned. Based on this contention, appellants further argue that the trial court erred in holding that appellants failed to timely pay their income taxes, and that appellants owe penalties and interest. As all of these arguments are intertwined and interrelated, this court will address them concurrently.

C.C. 361.25 provides, in relevant part, that:

"Every person who anticipates any taxable income which is not subject to C.C. 361.24 hereof, or who engages in any business, profession, enterprise or activity subject to the tax imposed by C.C. 361.19(c) inclusive and 361.19(d) hereof shall file a declaration setting forth such estimated income or the estimated profit or loss from such business activity together with the estimated tax due thereon * * *.

· "Such declarations shall be filed on or before April 15 of each year * * * or before the 15th day of the 4th month the taxpayer becomes subject to the tax for the first time.

"* * * *

"The original declaration (or any subsequent amendment thereof) may be increased or decreased on or before any subsequent quarterly payment day as provided for herein.

"Such declarations of estimated tax to be paid the City shall be accompanied by a payment of at least one-fourth (¼) of the estimated annual tax, and at least a similar amount shall be paid on or before the 15th day of the sixth, ninth and twelfth months after the beginning of the taxable year; provided, however, that in case an amended declaration has been filed, the unpaid balance shown due thereon shall be paid in equal installments on or before the remaining payment dates.

"On or before the 15th day of the fourth month of the year following that for which such declaration or amended declaration was filed, an annual return shall be filed and any balance which may be due the City shall be paid therewith in accordance with the provisions of C.C. 361.22 hereof.

"A declaration of estimated tax which is less than 80% of the tax shown on the final return shall not be considered filed in good faith. The difference shall be subject to penalties and interest as provided for in Section 361.35."

█  First, appellants argue that the Columbus City Tax Code does not require self-employed taxpayers practicing a profession to pay equal quarterly installments of estimated taxes before "net profits" are earned. However, C.C. 361.25 provides that a self-employed taxpayer, who is not subject to withholding, must file a declaration of his estimated tax liability and make four quarterly payments, to avoid penalty. Therefore, appellants' first argument is wholly without merit.

Second, appellants argue that in ordering them to pay on a fixed quarterly schedule, where income is not earned evenly over such quarters, is somehow a tax on capital. This court sees no merit in appellants' argument.

█  It is well settled that Ohio municipalities have the power to levy and collect income taxes. *Angell v. Toledo* (1950), 153 Ohio St. 179, 41 O.O. 217, 91 N.E.2d 250. The city of Columbus has set forth the procedure in C.C. 361.25 for filing estimated tax payments. This procedure has nothing to do with the amount of capital possessed by appellants. Instead, C.C. 361.25 merely sets up a system whereby the city can collect taxes in a timely and efficient manner throughout the year based upon a declaration of estimated tax provided by the taxpayer.

Next, appellants argue that the manner in which appellee applied C.C. 361.25 to appellants violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Section 2, Article I, Ohio Constitution. This court finds no merit in this argument either.

The Supreme Court in *MCI Telecommunications Corp. v. Limbach* (1994), 68 Ohio St.3d 195, 625 N.E.2d 597, citing *Nordlinger v. Hahn* (1992), 505 U.S. ——, 112 S.Ct. 2326, 2331–2332, 120 L.Ed.2d 1, 12, provided the following standard for equal protection cases:

" 'The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Of course, most laws differentiate in some fashion between classes of persons. The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 [40 S.Ct. 560, 561, 64 L.Ed. 989, 990–991] (1920).

" 'As a general rule, "legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality." *McGowan v. Maryland*, 366 U.S. 420, 425–426 [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 398–399, 17 O.O.2d 151, 154] (1961). Accordingly, this Court's cases are clear that, unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest. See, *e.g., Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439–441 [105 S.Ct. 3249, 3254–3255, 87 L.Ed.2d 313, 319–321] (1985); *New Orleans v. Dukes*, 427 U.S. 297 [96 S.Ct. 2513, 49 L.Ed.2d 511] (1976).' "

■ Appellants assert that the city is treating the class of self-employed professionals differently from taxpayers subject to withholding. This court agrees with appellants' contention. C.C. 361.25 is directed at any taxpayer from which tax is not withheld by an employer. Self-employed taxpayers are a member of this group.

Self-employed taxpayers' circumstances are different from the taxpayer who pays by withholding. As the city has a legitimate state interest in collecting taxes from self-employed taxpayers in a fair and equitable manner, it is not a violation of the Equal Protection Clause to set up a system for self-employed taxpayers to pay taxes. Here, the distinction in classifications is rationally related to a legitimate state interest and therefore permissible.

Finally, appellants argue that the manner in which appellee applies C.C. 361.25 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I, Ohio Constitution.

■ The court in *N. Dixie Theatre, Inc. v. McCullion* (D.C.Ohio 1985), 613 F.Supp. 1339, offered the modern standard for due process cases:

" 'It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way.' [Citing *Usery v. Turner Elkhorn Mining Co.* [1976], 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752]. To overcome this presumption of constitutionality, the person challenging the statutory scheme must prove that there is no rational relationship between a legitimate government purpose and the means by which the government has sought to further those goals. * * * " *Id.* at 1348.

Appellants argue that the application of C.C. 361.25 and the method used to determine penalties and interest are arbitrary and discriminatory because the ordinance can be simply applied to avoid the problems. Appellants argue that the federal annualization of income installment method can be used or the city of Columbus could require taxpayers to pay estimates after net profits are earned. However, merely offering other methods of obtaining the same goal is not sufficient to overcome the presumption of constitutionality. The rational basis test looks at the relationship between the classification chosen by the government and the ends which are within the power of the government to accomplish. The government is given wide scope concerning the means chosen.

■ Here, the city has a legitimate governmental purpose in collecting taxes from self-employed individuals. The city attempts to achieve this goal through the procedure set forth in C.C. 361.25. This court finds no violation of due process.

In light of the foregoing, this court finds that the trial court did not err in entering judgment against appellants, in holding that appellants failed to timely pay estimated taxes, that appellants owed penalties, or by holding that appellee can apply C.C. 361.25 to require taxpayers to pay equal installments of estimated income taxes before income is earned. Accordingly, all four of appellants' assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

Bowman, J., concurs.

Close, J., concurs separately.

Dean Strausbaugh, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

Close, Judge, concurring separately.

While I concur with the result reached by the majority, I must opine separately. While I am in agreement (and certainly sympathetic) with some of appellants' arguments as stated, the entire issue raised here in my mind can be resolved on the basis of the actual reading of C.C. 361.25, where it states:

"The original declaration (or any subsequent amendment thereof) may be increased or decreased on or before any subsequent quarterly payment day * * *."

It further goes on to state:

"[P]rovided, however, that in case an amended declaration has been filed, the unpaid balance shown due thereon shall be paid in equal installments on or before the remaining payment dates."

In my opinion, appellants could have absolutely avoided the problem here had they merely filed an amended return for the second and third quarters, indicating no additional income over that earned for the first quarter, then filed a final amended return for the fourth quarter showing their income for the year, they would have had no additional liability. By their failure to avail themselves of the legislative process created for the situation as exists with lawyers, realtors, etc., who have income on a sporadic basis, they cannot complain, where their failure to amend the returns was the reason for the imposition of the city's penalties.