I concur with the majority's disposition of this case but am writing separately to address the arguments of the appellant in regard to the constitutionality of the city income tax and in regard to his Fifth Amendment right against self-incrimination.
The appellant seems to argue that he cannot be found guilty of failing to file his city income tax return because the city does not have the authority to tax his income. I shall assume, arguendo, that the appellant, during his prosecution for failing to file his city income tax return, can challenge the authority of the city to impose a city income tax. First of all, the city ordinance requiring the filing of city income tax returns is presumed to be constitutional. The Ohio Supreme Court in City of Xenia v. Schmidt (1920), 101 Ohio St. 437, declared:
 "1. A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body.
 2. That presumption of validity of such legislative enactment cannot be overcome unless it appear that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution."
No clear conflict was shown by the appellant. Case law indicates that Ohio municipalities have the power to levy and collect income taxes subject to the power of the General Assembly to limit the power of municipalities to levy taxes under Section 13 of Article XVIII or Section 6 of Article XIII of the Ohio Constitution. Angell v. Toledo (1950), 153 Ohio St. 179[1]
Article XVIII, Section 3 of the Ohio Constitution states: "Municipalities shall have the authority to exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws. The Ohio Supreme Court in Thompson v. Cincinnati (1965), 2 Ohio St.2d 292, stated that the powers of local self-government included the power to tax incomes. Thompson, supra, page 295. On page 182 in Angell, supra, the Court states, "A fundamental power of government is the power to raise revenue."
The Angell case (supra) also dealt with whether a municipality's income tax violated the due process clause of the United States Constitution (14th Amendment). Angell, supra,
pg. 185 states "[i]n the case of Wisconsin v. J. C. Penney Co.,311 U.S. 435, 85 L.Ed. 267, 61 S.Ct. 246, it was held that the test of whether a tax law violates the due process clause is whether it bears some fiscal relation to the protections, opportunities, and benefits given by the state, or, in other words, whether the state has given anything for which it can ask a return.
The municipality certainly does afford protection against fire, theft, et cetera, to the place of business of plaintiff's employer and the operation thereof without which plaintiff's employer could not as readily run its business and employ help. In other words, the city of Toledo does afford to plaintiff not only a place to work but a place to work protected by the municipal government of Toledo."
Therefore, I conclude that there is no clear conflict between the authority to impose a city income tax and the provisions of the Ohio or United States Constitution, and that the presumption of the constitutionality of municipal ordinances has not been overcome.
The appellant must also be cautious in his application of Federal constitutional law to the case at bar. Justice Turner, writing the opinion in Angell, supra, quotes from 1 Cooley's Constitutional Limitation (8 Ed), 11: "The government of the United States is one of enumerated powers; the national Constitution being the instrument which specifies them . . . In this respect it differs from the constitutions of the several states, which are not grants of powers to the states, but which apportion and impose restrictions upon the powers which the states inherently possess."
Appellant also argues that the ordinance requiring him to file a city income tax return violates his 5th amendment right against self-incrimination because he is to sign, under penalty of perjury, a statement that the figures on his city income tax return are in agreement with the figures on his Federal 1040 form and that his 1040 form exists. However, the 5th Amendment privilege against compulsory self-incrimination is not a defense to prosecution for failing to file a tax return.United States v. Sullivan (1927), 274 U.S. 259. Rather a taxpayer such as appellant "may assert the Fifth Amendment privilege on his tax return. State v. Webb (1994), 70 Ohio St.3d 325,339-340, citing Garner v. United States (1976),424 U.S. 648. Specifically, "[i]f the form of a return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, butcould not on that account refuse to make any return at all."Sullivan, supra, at 263. (Emphasis added). Since appellant did not assert the Fifth Amendment on his tax return but rather chose not to file a return at all, he cannot avail himself of the Fifth Amendment's protection against self-incrimination. Appellant's argument, therefore, lacks merit.
 -------------------------- Judge Julie A. Edwards
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court of Ashland County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Angell indicated that a municipality could enact an income tax until the State preempted that field. However, the 1975 case ofOttawa Hills v. Joelson, 45 Ohio App.2d 176, 74002d 225,341 N.E.2d 611, stated that the passage of the state income tax, R.C.5747.01 et seq. pursuant to Ohio Constitution Article XII, Section 9, does not preclude municipalities from assessing a municipal income tax, either on the grounds of double taxation or state pre-emption.