DECISION AND JUDGMENT
{¶ 1} Appellant James DeClercq appeals, pro se, an adverse judgment against him in the Sylvania Municipal Court in proceedings brought by appellee, the city of Sylvania ("Sylvania"), for back income taxes. Appellee instituted suit to collect back taxes on wages and salary from employment for tax year 2005, plus penalty and interest. The case was tried to the court on October 15, 2007. In a judgment entry filed on *Page 2 
December 28, 2007, the trial court awarded Sylvania judgment against appellant for the total sum of $415.30 for taxes owed, penalty, and interest.
 {¶ 2} Appellant asserts one assignment of error on appeal:
 {¶ 3} "The Court below erred in holding that, under Ohio law, a municipality, in levying an income tax, has the power to apply the tax to the taxpayer's gross income, without allowing the subtraction of business deductions so as to apply the tax to the taxpayer's `adjusted gross income,' as defined by federal tax law."
 {¶ 4} Appellant is a resident of the city of Sylvania and earned income from employment in 2005. Under Sylvania Codified Ordinance 171.03(a), Sylvania imposed, in 2005, a tax on wages, salaries, and compensation from employment at the rate of one and one-half percent per year on its residents. The ordinance provides:
 {¶ 5} "An annual tax for the purposes specified in Section 171.01 is hereby imposed on and after October 1, 1967, at the rate of one and one-half percent (1½%) per year upon the following: (1) On all salaries, wages, commissions and other compensation as defined at 171.02(v) * * * earned or received on and after October 1, 1967 and during the effective period of this chapter by residents of the City * * *." Sylvania Codified Ordinance 171.03(a).
 {¶ 6} Sylvania Codified Ordinance 171.02(v) defines "salaries, wages and other compensation" for purposes of the annual municipal income tax: *Page 3 
 {¶ 7} "(v) `Salaries, Wages and Other Compensation' means the total compensation paid to an individual in cash or in kind * * *." Sylvania Codified Ordinance 171.02(v).
 {¶ 8} Appellant paid taxes to Sylvania in 2005 but calculated his payment, not based on his gross wages, salaries, and income from employment, but, instead, based upon a lesser amount, the amount of his federal adjusted gross income as reported in his federal individual income tax return for that year. Appellant claims that he is entitled to "trade and business deductions" against his employment income before calculating the municipal tax.
 {¶ 9} Appellant has not disputed that the Sylvania municipal tax ordinances, as written, apply the tax against gross income and do not afford appellant the deductions he claims. Rather, he claims that Ohio municipalities are without authority to tax gross income.
 {¶ 10} The extent of municipal authority in Ohio to impose and collect income taxes was stated by the Ohio Supreme Court in Angell v.Toledo (1950), 153 Ohio St. 179:
 {¶ 11} "Ohio municipalities have the power to levy and collect income taxes in the absence of the preemption by the General Assembly of the field of income taxation and subject to the power of the General Assembly to limit the power of municipalities to levy taxes under Section 13 of Article XVIII or Section 6 of Article XIII of the Ohio Constitution." Angell v. Toledo at paragraph one of the syllabus. *Page 4 
 {¶ 12} More recently, in Cincinnati Bell Telephone Co. v.Cincinnati (1998), 81 Ohio St.3d 599, the Ohio Supreme Court held that the municipal taxing power under the Ohio Constitution can only be restricted by express statutory prohibition: "The power to restrict municipal taxing power as granted by Section 13, Article XVIII and Section 6, Article XIII of the Ohio Constitution requires the General Assembly to preempt municipal taxing power by express statutory provision." Id., at 608.
 {¶ 13} R.C. 718.01 provides certain specific prohibitions against the taxing authority of municipalities to tax income. Appellant has not cited to this court any "express statutory provision" under R.C. 718.01
or any other statute that applies to his 2005 tax obligations that would act to prohibit Sylvania from taxing his gross wages, salaries or other compensation from employment. Rather, appellant has argued that the trial court judgment should be reversed based upon the general proposition that Ohio municipalities are precluded from taxing gross income.
 {¶ 14} Appellant does not dispute that there is no express statutory prohibition precluding municipalities, on a general basis, from imposing an income tax on gross wages, salaries, or other income from employment. In fact, appellant admits that "taxation of gross income is not directly prohibited by Ohio or federal law." Appellant's brief at 11. Accordingly, under Cincinnati Bell Telephone Co. v. Cincinnati andAngell v. Toledo, appellant's argument is without merit. We find that appellant's assignment of error is not well-taken. *Page 5 
 {¶ 15} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. Concur. *Page 1