Pfeifer, J.,
dissenting.
{¶ 25} In Cincinnati Bell Tel. Co. v. Cincinnati, 81 Ohio St.3d 599, 693 N.E.2d 212 (1998), syllabus, this court held, “The taxing authority of a municipality may be preempted or otherwise prohibited only by an express act of the General Assembly. Section 13, Article XVIII, and Section 6, Article XIII, Ohio Constitution.” When the predecessors of former R.C. 4921.18 and 4921.25 were enacted as part of the Ohio Motor Transportation Act in 1923, there were no municipal income taxes in Ohio. Thus, the imposition of a municipal income tax on motor *502 carriers was not expressly prohibited or preempted by the General Assembly by those statutes.
Calfee, Halter & Griswold, L.L.P., and James F. Lang, for appellee.
Roderick Linton Belfance, L.L.P., and Theodore J. Lesiak, for appellant Village of Seville Board of Income Tax Review.
Barbara A. Langhenry, Cleveland Director of Law, and Linda L. Bickerstaff, Assistant Director of Law, for appellants Nassim M. Lynch and Central Collection Agency.
Zaino, Hall & Farrin, L.L.C., and Richard C. Farrin, urging affirmance for amicus curiae United Parcel Service, Inc.
Schumaker, Loop & Kendrick, L.L.P., and Michael M. Briley, urging affir-mance for amicus curiae the Dump Truck Carriers Conference.
{¶ 26} The Ohio Motor Transportation Act prevented motor carriers from having to traverse through a treacherous, winding road of local fees and licensure, streamlining the process statewide into an easily navigable system. The General Assembly made clear that it intended to preempt only the area of transportation-related taxes and fees when it excepted “the general property tax” from the scope of the statute in R.C. 4921.25. Again, there were no municipal income taxes to except from the statute.
{¶ 27} Furthermore, the income of a motor-transportation company is clearly not exempt from municipal income taxation under R.C. 718.01 or 715.013. The majority decision holding that the income of a motor-transportation company is now exempt from municipal income tax because of a law enacted in 1923 that taxes motor-transportation companies by the vehicle, G.C. 614-94, now R.C. 4921.18, and has nothing to do with the income of a motor-transportation company is counterintuitive and runs counter to this court’s holding in Angell v. Toledo, 153 Ohio St. 179, 91 N.E.2d 250 (1950), paragraph two of the syllabus, which recognized the power of Ohio municipalities to levy and collect income taxes and noted that “the General Assembly has not * * * passed any law limiting [that] power. ”
{¶ 28} Finally, we must strictly construe tax-exemption statutes “in order to preserve equality in the burden of taxation.” Lutheran Book Shop v. Bowers, 164 Ohio St. 359, 362, 131 N.E.2d 219 (1955). It seems that the majority strains the relevant statutes beyond recognition to find an exemption from municipal income tax for an industry that never asked for it.
*503 AldenLaw, John L. Alden, and Anthony E. Palmer Jr., urging affirmance for amicus curiae the Ohio Trucking Association.
Benesch, Friedlander, Copian & Aronoff, L.L.P., and Marc S. Blubaugh, urging affirmance for amicus curiae Con-way Freight, Inc.
Ice Miller, L.L.P., Philip Hartmann, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, Ohio Municipal League, urging reversal for amicus curiae Ohio Municipal League.