**BENUA, Plaintiff, v. COLUMBUS (City), Defendant.**

Common Pleas Court, Franklin County.

No. 193173.   Decided August 21, 1957.

Willis H. Liggett, for plaintiff.

Russell Leach, City Atty., John W. E. Bowen, Chief Counsel, John C. Young, Asst. City Atty., for defendant.

## OPINION

By GESSAMAN, J.

This is an action for a declaratory judgment relative to the income tax ordinance of the City of Columbus, Ohio.  It has been submitted to the court upon the pleadings, the evidence, certain stipulations and briefs.

Plaintiff is not a resident of the City of Columbus.  He owns four parcels of real estate situated in Columbus and receives rent from tenants of each of the parcels.  Three of the parcels are improved with buildings.  Plaintiff objects to paying an income tax under the Columbus ordinance upon the rents received.

The petition herein was filed on August 10, 1955.  At that time Section 2, 3 (b) of the ordinance provided as follows:

"Sec. 2. Imposition of Tax. To provide funds for the purposes of general municipal operations, maintenance, new equipment and capital improvements of the City of Columbus, there be and is hereby levied a tax at the rate of one-half (½) of one (1) per centum per annum upon the following:

\* \* \* \* \*

"3 (b). On the net profits earned on and after January 1, 1953 of all unincorporated businesses, professions, or other activities conducted in the City of Columbus by nonresidents."

In the same ordinance under "Definitions" we find the following:

"BUSINESS—An enterprise, activity, profession, or undertaking of any nature conducted for profit or ordinarily conducted for profit, whether by an individual, co-partnership, association, corporation, or any other entity."

"NET PROFITS—The net gain from the operation of a business, profession, or enterprise, after provision for all costs and expenses incurred in the conduct thereof, either paid or accrued in accordance with the accounting system used, and without deduction of taxes based on income."

Except for increasing the tax rate from one-half to one per centum and for some minor changes, the above provisions are still in effect.

Counsel for plaintiff contends that the ordinances are invalid because of the facts that the state has preempted the field by reason of real estate and other taxes. The Supreme Court of Ohio does not agree with this contention. In the case of Angell v. City of Toledo, 153 Oh St 179, we find the following in syllabus 2:

"The state has not pre-empted the field of income taxation authorized by Sections 8 and 9, Article XII, Ohio Constitution, and the General Assembly has not, under authority of Section 13, Article XVIII or Section 6, Article XIII, Ohio Constitution, passed any law limiting the power of municipal corporations to levy and collect income taxes."

The source of this syllabus is the language used by Judge Turner at pages 183 and 184 of the opinion:

"Therefore, until the General Assembly of Ohio has pre-empted the income tax field, a municipality, subject to such limitation as may be imposed by the General Assembly under Section 13, Article XVIII or Section 6, Article XIII, Ohio Constitution, may levy and collect an income tax. So that today, in the absence of legislation by the General Assembly providing for a uniform or graduated income tax and the required apportionment thereof and subject to Section 13, Article XVIII, and Section 6, Article XIII, Ohio Constitution, limiting the power of taxation, Ohio municipalities have the power to levy and collect an income tax."

The General Assembly of Ohio still has not enacted a uniform or graduated income tax. Therefore, Ohio municipalities still "have the power to levy and collect an income tax." Furthermore, a tax on income is not a tax upon the land that produces it. New York, ex rel. Cohn v. Graves, 300 U. S. 308. At page 314 of the opinion, the court says:

"Neither analysis of the two types of taxes, nor consideration of the

bases upon which the power to impose them rests, supports the contention that a tax on income is a tax on the land which produces it. The incidence of a tax on income differs from that of a tax on property. Neither tax is dependent upon the possession by the taxpayer of the subject of the other. His income may be taxed, although he owns no property, and his property may be taxed although it produces no income. The two taxes are measured by different standards, the one by the amount of income received over a period of time, the other by the value of the property at a particular date. Income is taxed but once; the same property may be taxed recurrently. The tax on each is predicated upon different governmental benefits; the protection offered to the property in one state does not extend to the receipt and enjoyment of income from it in another."

Counsel for the plaintiff also contends that part, if not all of plaintiff's income is not "earned" and therefore is not subject to the income tax. Counsel relies largely upon a decision of the Common Pleas Court of Philadelphia County, Pennsylvania in the case of Murray v. City of Philadelphia. The opinion in that court has not been reported but we have been favored by counsel with a copy of the opinion of Judge Kun and special emphasis is laid upon the following language:

"Rents received by an owner of real estate, or profits on the sale thereof, on either basis alone cannot be considered as 'earned' income, taxable under the Ordinance, for the simple reason that rents or profits so received are not gain as a reward of labor or performance of some service in relation thereto. The distinction must be borne in mind between mere ownership of property and its normal incidents, such as collection of rents, making repairs, keeping it insured, the purchase and sale thereof for investment purposes which do not constitute a business, and the operation of real estate by providing labor and service in connection therewith, such as elevator service, cleaning, janitor service and the like, which means to do business with the property. In the latter case rents received are in part, at least, for the labor and service given to the tenants, and in such case the rents are indivisible. Rents received from properties under the first category are not taxable under the Ordinance, but those received under the second category are."

The Murrays started two law suits in the Common Pleas Court of Philadelphia County; one before and one after the amendment of the Philadelphia income ordinance on December 9, 1949. Both cases went to the Supreme Court of Pennsylvania. In the first case, known as Murray v. City of Philadelphia, 363 Pa. 524, 70 A (2), 647, the court held that even though the plaintiff (below) owned several buildings and collected rents therefrom but "rendered no labor or service in connection with their investment in real estate" they were not engaged in "business, professions or other activities" within the meaning of the ordinance. They base this in part upon their decision in the case of Breitlinger v City of Philadelphia, 363 Pa. 512, 70 A (2) 640, in which they held that such increase was not "earned." The second of the cases carries the same style and is found in 364 Pa. 157, 71 A (2) 280. In this case the Supreme Court of Pennsylvania again held the ordinance unenforceable (it did not issue an injunction) apparently upon the ground that "Tax-

452

ation of the income from real estate is taxation of the real estate which produces the income." (See page 287.) This is not in accord with the decision of the Supreme Court of the United States in the Cohn case, supra, with the reasoning and conclusion of which, we agree.

In the first Murray case, the Supreme Court sustained the lower court's finding that—

"To be 'earned' and taxable, the net profits must result from some labor, management or supervision."

In affirming, the Supreme Court again adopted the following definition of "earn:"

"* * * to gain, get, obtain, or acquire as the reward of labor or performance of some service."

In narrowing its decision, it appears to us that that court overlooked the fact that any labor or service which makes land usable calls for a reward which is "earned." Furthermore, land which is apparently not usable has a value and one who is willing to become a tenant of such land pays a rent. The rent, obviously is produced partially by the labor and management of the landlord in securing a tenant and by the tenant who uses the land to produce an income out of which the rent is paid. The landlord's business is leasing real estate, improved or unimproved and his "net profits earned" flow from the rent which he receives and the collection of which he supervises. It would be an unusual piece of land which produced rent for the owner without any "labor, management or supervision" on the part of the latter.

Counsel for plaintiff also contends that "A reasonable return on the investment is not subject to the Columbus Income Tax." (Plaintiff brief, page 17.) If that be true, then a reasonable return from all investments is free from taxation. The grocer, the druggist, the cobbler—everyone who is in business—would also be entitled to a reasonable return on his investment, tax free. If that were true, it would apply to all investments. We know of no such rule and none has been cited.

Counsel also contends that the ordinances are invalid. We shall not enlarge upon counsel's discussion on this question. Suffice it to say that "Ohio municipalities have the power to levy and collect income taxes * * *." Angell case supra. A tax upon the income from real estate is not a tax upon the real estate. Cohn case supra. There is nothing before the court upon which we could base any finding that the ordinances either were improperly adopted or that they violate any constitutional provision. Our conclusion is that the ordinances are valid.

Coming now to the declarations specifically requested in the amended petition and based upon the above, the court finds (a) that the rents received by the plaintiff from real estate located within the City of Columbus, Ohio, are subject to the tax levied by the income tax ordinances in question; (b) that said rents are not exempt from said tax by reason of any pre-emption by the State of Ohio; (c) that said rents are not expressly exempt from said tax by any law or (d) the Constitution of Ohio and (e) said rents are not exempt from said tax by implication of any law of Ohio.