THE EAST OHIO GAS CO., APPELLEE, *v.* CITY OF AKRON ET AL., APPELLANTS.

[Cite as East Ohio Gas Co. v. City of Akron, 7 Ohio St. 2d 73.]

74

(No. 39722—Decided June 29, 1966.)

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. John M. Glenn,* for appellee.

*Mr. Raymond C. Sheppard,* director of law, *Messrs. Laybourne, McClenathen, Zurz & Tuccillo* and *Mr. Anthony Tuccillo,* for appellants.

O'NEILL, J. The question which this court must decide may be stated as follows: Has the General Assembly, by levying a gross receipts tax upon public utilities, prohibited a municipality from levying a tax upon the net income of a public utility under the judicially asserted doctrine of pre-emption by implication?

Section 3 of Article XVIII of the Ohio Constitution confers upon municipalities the "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Section 13 of Article XVIII authorizes the Legislature to pass laws to limit the power of municipalities to levy taxes and incur debts for local purposes.

In *Angell* v. *City of Toledo,* 153 Ohio St. 179, this court stated in paragraph one of the syllabus:

"Ohio municipalities have the power to levy and collect income taxes in the absence of the pre-emption by the General Assembly of the field of income taxation and subject to the power of the General Assembly to limit the power of municipalities to levy taxes under Section 13 of Article XVIII or Section 6 of Article XIII of the Ohio Constitution."

Section 718.01, Revised Code, places certain limitations upon municipal corporations with respect to their power to levy a tax on income. In that section this language appears:

"Nothing in Sections 718.01 to 718.03, inclusive, of the Revised Code, shall authorize the levy of any tax on income

which a municipal corporation is not authorized to levy under existing laws.''

The language, ''under existing laws,'' refers to any limitations which appear in the Constitution or the statutes and to any limitations which have been imposed by a court under its assertion of the doctrine of pre-emption by implication.

This court held in *State, ex rel. Zielonka, City Solr.,* v. *Carrel, Aud.* (1919), 99 Ohio St. 220, 227, that the authority of municipalities ''to exercise all powers of local self-government includes the power of taxation.''

This court, beginning with *Zielonka, supra,* in 1919, has established in the law of Ohio the pre-emption doctrine. In that case, which was the first one to deal with the pre-emption doctrine, this court said (paragraph two of the syllabus):

''Under the grant of power of local self-government provided for in Section 3, Article XVIII of the state Constitution, the city of Cincinnati, *as long as the state of Ohio through its General Assembly does not lay an occupational tax* on businesses, trades, vocations and professions followed in the state, may raise revenue for local purposes, through the instrumentality of occupational taxes.'' (Emphasis added.)

In commenting upon that case, C. Emory Glander, former Tax Commissioner of Ohio (Glander, Analysis and Critique of State Pre-emption of Municipal Excise and Income Taxes Under Ohio Home Rule, 21 Ohio State L. J. 344), said:

''In other words, the court held that it is not necessary for the purpose of limiting municipal taxing powers, that the General Assembly pass a 'thou shalt not' statute; it may as effectively achieve this result by implication, 'by invading the field on its own account.' It is this doctrine of pre-emption by implication, as distinguished from express interdiction, that has been both controversial and questionable in respect to municipal taxation in Ohio.''

Cases in which this court has considered the doctrine of pre-emption by implication, in addition to *Zielonka, supra,* are *Globe Security & Loan Co.* v. *Carrel, Aud.* (1922), 106 Ohio St. 43; *Marion Foundry Co.* v. *Landes, Aud.* (1925), 112 Ohio St. 166; *City of Cincinnati* v. *American Telephone & Telegraph Co.* (1925), 112 Ohio St. 493; *Firestone* v. *City of Cambridge* (1925),

113 Ohio St. 57; *City of Cincinnati* v. *Cincinnati Oil Works Co.* (1931), 123 Ohio St. 448; *Stredelman* v. *City of Cincinnati* (1931), 123 Ohio St. 542; *Haefner* v. *City of Youngstown* (1946), 147 Ohio St. 58; *Angell* v. *City of Toledo* (1950), 153 Ohio St. 179; and *Benua* v. *City of Columbus* (1959), 170 Ohio St. 64.

In *Ohio Finance Co.* v. *City of Toledo* (1955), 163 Ohio St. 81, this court asserted the doctrine of pre-emption by express interdiction, finding that in that case there was specific statutory language which constituted an express interdiction against a municipality levying an income tax upon net profits of a dealer in intangibles derived from income from intangibles owned by him.

This court's establishment of the doctrine of pre-emption in Ohio appears to have come about because of the court's antipathy to "double taxation."

A reading of the cases cited above will demonstrate that the language of the court, in asserting or denying the doctrine of pre-emption by implication, has sometimes been obscure, ambiguous, inconsistent and, on occasion, almost contradictory to previous cases in stating the grounds upon which the court's judgment was based.

However, the case before this court is clear-cut. The "gross receipts tax" levied upon public utilities, pursuant to Chapter 5727 of the Revised Code, regardless of any nomenclature used in the statute or in prior decisions to characterize it, is an adjusted gross income tax, and the tax levied by Akron city ordinance No. 1298—1962, Section 3, is a net income tax.

These are similar taxes. Both are levied upon the income of The East Ohio Gas Company and both are payable directly by The East Ohio Gas Company. It is obvious, then, that, if this court is to continue to recognize the doctrine of pre-emption by implication, such doctrine must be applied in this case where the state has levied a tax upon the adjusted gross income of a taxpayer and the city is attempting to levy a tax upon the net income of that same taxpayer, and in both instances the tax is payable directly by the same taxpayer.

We, therefore, need not consider the other arguments made by the appellee.

The strongest argument presented against the doctrine of

78

pre-emption by implication by the appellants is that there is certain language in *Haefner* v. *City of Youngstown, supra,* which seems to indicate that the state sales tax and the gross receipts tax levied upon public utilities, and the Youngstown municipal tax levied upon a consumer of gas, based upon the monetary retail sales price of the gas which such consumer purchased, are similar taxes and for that reason the doctrine of pre-emption by implication was asserted to invalidate that municipal sales tax.

The appellants reason from this language that if the gross receipts tax and a state and a municipal sales tax are similar taxes which create an implication upon which the doctrine of pre-emption can be founded, and the gross receipts tax and the municipal income tax are similar taxes, as we hold in this case, then there is ground for taxpayers, who are required to pay the state sales tax, asserting that the doctrine of pre-emption by implication is available to them as a basis for avoiding payment of the municipal income tax.

The result of such reasoning would have a significant impact upon both state and local revenues and upon the structure of a major part of the financial support of many municipalities.

That question is not before this court in this case. If it should later be presented, the court may be compelled to reconsider its pronouncements in *Haefner* v. *City of Youngstown, supra.* This court is not now required to consider that question and is not here expressing any opinion upon it.

This case presents a clear-cut example of double taxation such as this court had in mind when it originally created the doctrine of pre-emption by implication, for here both the state and the city are attempting to tax the same income of the same taxpayer and requiring that taxpayer to pay directly on that same income a tax to both the state and the city.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

Taft, C. J., Zimmerman, Matthias, Herbert, Schneider and Brown, JJ., concur.