THE STATE, EX REL. CITY OF CLEVELAND, *v.* KOSYDAR, TAX
COMMR., ET AL.

(No. 73-431—Decided December 26, 1973.)

184

*Mr. Herbert R. Whiting,* director of law, and *Mr. James M. McDowell,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Thomas V. Martin* and *Mr. Dwight C. Pettay, Jr.,* for respondents.

HERBERT, J.  Relator argues that since the excise taxes collected from certain public utilities located within its corporate limits are measured by the gross receipts of the utilities involved, they are actually income taxes within the meaning of Section 9, Article XII of the Constitution of Ohio, and are not excise taxes authorized by Section 10, Article XII.  From this, relator concludes that Section 9 of Article XII imposes a clear legal duty upon respondents "to return one half of the taxes paid by public utilities on gross receipts realized in the city of Cleveland, and since they have not done so since this legal obligation was imposed on them in the year 1912, mandamus must lie and they should be ordered to return one half of such taxes to the city of Cleveland for all years from the date of the adoption of Article XII, Section 9 of the Ohio Constitution on September 3, 1912, to date, and for all years henceforth."

This court has often declared that the tax levied upon the gross receipts of public utilities in this state is a tax upon the privilege of doing business here; it is an excise tax and not an income tax. *Western Union Telegraph Co.* v. *Mayer* (1876), 28 Ohio St. 521; *Express Co.* v. *State* (1896), 55 Ohio St. 69, 44 N. E. 506; *Cincinnati, M. & L. Traction Co.* v. *State* (1916), 94 Ohio St. 24, 113 N. E. 654.  *Cf. Angell* v. *Toledo* (1950), 153 Ohio St. 179, 91 N. E. 2d 250. See, also, *East Ohio Gas Co.* v. *Tax Commr. of Ohio* (1931), 283 U. S. 465.

For the purposes of applying Section 9 of Article XII of the Constitution of Ohio, nothing in the syllabus or the opinion of *East Ohio Gas Co.* v. *Akron* (1966), 7 Ohio St. 2d 73, 218 N. E. 2d 608, should be construed to represent a departure from this court's position that the tax imposed upon public utilities by R. C. 5727.38 and 5727.81 is an excise as opposed to an income tax.

Relator having failed to establish the existence of a clear legal duty upon respondents to grant the relief sought, the writ of mandamus is denied.

*Writ denied.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

O'NEILL, C. J., concurring. Since 1911 the General Assembly has imposed a tax on public utilities measured by their gross receipts. The tax has always been denominated by statute as an excise tax, and, until the instant case, no one has contended that it is an income tax subject to the return provisions of Section 9, Article XII of the Ohio Constitution, even though this section of the Constitution has been effective since 1912. The present action was probably engendered by the following language found in the opinion in *East Ohio Gas Co.* v. *Akron* (1966), 7 Ohio St. 2d 73, 77, 218 N. E. 2d 608: "The 'gross receipts tax' levied upon public utilities, pursuant to Chapter 5727 of the Revised Code, regardless of any nomenclature used in the statute or in prior decisions to characterize it, is an adjusted gross income tax * * *."

Relator in the present case correctly contends that this is supporting authority for his proposition that the taxes contained in R .C. 5727.38 and 5727.81 are income, not excise, taxes. However, the court in the *East Ohio Gas Co.* case was *not* confronted with the problem of determining whether the taxes in question were income or excise taxes, and therefore that case is not controlling in this action. Neverthe-

less, simply to distinguish that case from the present action upon the basis of the different issues presented in each would be inadequate. It is appropriate that a more detailed explanation of the *East Ohio Gas Co.* case be made.

The general power of a municipality to levy taxes, implicit in the "home rule" provisions of the Ohio Constitution, is limited by the authority constitutionally granted to the General Assembly in Section 13, Article XVIII, and Section 6, Article XII, to restrict the taxing powers of municipalities. Those provisions have generated the judicial doctrine of preemption by implication, which provides that if the General Assembly has levied a tax on a particular subject matter, it will be presumed that the General Assembly has impliedly exercised its power to prohibit a local tax on the same subject matter. *State, ex rel. Zielonka,* v. *Carrel* (1919), 99 Ohio St. 220, 124 N. E. 134; *Cincinnati* v. *American Telephone & Telegraph Co.* (1925), 112 Ohio St. 493, 147 N. E. 806.

In *East Ohio Gas Co.* v. *Akron, supra,* this court held that under that doctrine a municipal income tax on the net income of a public utility doing business in that municipality was impliedly prohibited by the gross receipts taxes found in R. C. Chapter 5727. In its opinion, at page 77, the court expressly stated that the rationale behind the doctrine was "the court's antipathy to 'double taxation.' " Therefore, whenever the doctrine is invoked by a litigant, the relevant question is whether the local levy seeks to collect a tax on subject matter which the state also taxes. If it does, the doctrine will be applied to invalidate the municipal tax. Hence, in the *East Ohio Gas Co.* case the fact that the state gross receipts taxes on public utilities were statutorily and judicially viewed as excise taxes did not prevent the application of preemption by implication. Since both the state taxes and the local tax were imposed on the same subject matter—the income of public utilities—the local tax was held invalid. It is within that framework that one must view this court's statement in *East Ohio Gas Co.* that the state gross receipts taxes on public utilities were adjusted

gross income taxes. For the purpose of applying the doctrine of preemption by implication, the fact that the state taxes were measured by the utilities' gross receipts was sufficient to regard them as income taxes.

However, the present case does not in any way involve the doctrine of preemption by implication, and hence the statements found in *East Ohio Gas Co.* v. *Akron, supra,* are inapplicable. For the purpose of determining whether the taxes imposed by R. C. 5727.38 and 5727.81 are income or excise taxes, I can perceive no reason to depart from the settled judicial interpretation upholding the statutory declaration that they are excise taxes.