WILLIAMS ET AL., APPELLANTS, *v.* CITY OF COLUMBUS, APPELLEE.

(No. 87AP-439—Decided October 6, 1987.)

*Carlile, Patchen, Murphy & Allison* and *Donald A. Antrim,* for appellants.

*Ronald J. O'Brien,* city attorney, *Deborah S. Everson* and *Susan J. Pohler,* for appellee.

YOUNG, J. The appellants, Nancy Williams and Robert Slater, both employees of the State Teachers Retirement System ("STRS"), brought what purports to be a class action pursuant to Civ. R. 23(B)(1). The basis for this suit is that the city of Columbus is levying an income tax on that part of the appellants' salaries which amounts to eight and one-half percent thereof and which is paid over to the STRS as their contributions to such retirement system.

These contributions were regarded as part of each employee's salary for federal and state income tax purposes, but because the funds are now paid directly by the employers to STRS, the federal and state income tax laws permit these contributions to be treated as deferred income which is not taxed until such income is received by the employee. These contributions are referred to by the parties as "pick-ups."

The appellants alleged in their

amended complaint that the city of Columbus is not levying the Columbus income tax on the similar pick-ups for its own employees. The appellants now admit, however, that the city of Columbus does levy the Columbus income tax on its own employees' pick-ups.

The appellants, in their complaint, seek a declaratory judgment, an injunction and an accounting and money damages in the amount of five hundred thousand dollars.

After filing an answer to the appellants' complaint, the appellee filed a motion to dismiss upon the grounds that the court lacked jurisdiction to hear this matter for the reason that the plaintiffs-appellants failed to exhaust those administrative proceedings requisite to allow the common pleas court to consider the subsequent legal questions raised by the appellants in their complaint.

The appellee further alleged that the correct action would be one in mandamus, see *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1968), 16 Ohio St. 2d 85, 45 O.O. 2d 440, 242 N.E. 2d 887, and that a taxpayer's action seeking mandamus must be brought pursuant to R.C. 733.58 and 733.59.

The appellee has also alleged that if the tax collected by the city of Columbus is in fact illegal, that the method for recovery of illegally collected taxes would be pursuant to R.C. 2723.01 *et seq.*

In a memorandum decision which was journalized pursuant to a judgment entry, the court granted a judgment on the pleadings for the defendant-appellee, city of Columbus.

The plaintiffs-appellants timely filed an appeal stating the following assignments of error:

"I. The court below committed prejudicial error and denied due process to plaintiffs in finding no discrimination against plaintiffs because a proper ordinance was never validly promulgated and the tax was, therefore, arbitrarily and discriminatorily applied.

"II. The court below committed prejudicial error and denied equal protection of the laws with its finding that plaintiffs have not been discriminated against simply because the ordinance drew no divisive classification on its face.

"III. The court below committed prejudicial error in barring appellants' claim for failure to exhaust administrative remedies as appellants are not responsible for meeting requirements of a statute which is not applicable to the action at bar.

"IV. The court below committed prejudicial error in failing to address appellants' request for declaratory relief because such an action is an independent and alternative remedy."

The appellants' first, second and fourth assignments of error will be discussed together inasmuch as they all relate to the validity and applicability of the Columbus municipal income tax ordinance (Columbus City Code Chapter 361) to "pick-ups."

Ohio municipalities received their right to exist and function pursuant to Article XVIII, Ohio Constitution. Specifically, Section 3, Article XVIII, Ohio Constitution reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Pursuant to the general grant of power found in Section 3, Article XVIII, of the Ohio Constitution, the city of Toledo enacted a municipal income tax ordinance and on March 8, 1950, the Ohio Supreme Court ruled on the validity of such an enactment in the case of *Angell* v. *Toledo* (1950), 153

Ohio St. 179, 41 O.O. 217, 91 N.E. 2d 250. Paragraphs one and two of the syllabus read as follows:

"1. Ohio municipalities have the power to levy and collect income taxes in the absence of the pre-emption by the General Assembly of the field of income taxation and subject to the power of the General Assembly to limit the power of municipalities to levy taxes under Section 13 of Article XVIII or Section 6 of Article XIII of the Ohio Constitution.

"2. The state has not pre-empted the field of income taxation authorized by Sections 8 and 9 of Article XII of the Constitution, and the General Assembly has not, under authority of Section 13 of Article XVIII or Section 6 of Article XIII of the Constitution, passed any law limiting the power of municipal corporations to levy and collect income taxes."

Therefore, in the *Angell* case, the Supreme Court approved the enactment and implementation of the municipal income tax ordinance but pointed out that such power could be limited pursuant to Section 13, Article XVIII, and Section 6, Article XIII of the Ohio Constitution. It could also be limited by the theory of preemption.

The theory of preemption is discussed in the case of *Ohio Finance Co.* v. *Toledo* (1955), 163 Ohio St. 81, 83, 56 O.O. 74, 75, 125 N.E. 2d 731, 732:

"The doctrine of pre-emption of a field of taxation by the state, as preventing occupation of such field by a municipality, is based on the apparent intention of the General Assembly, which is inferred from its occupation of a particular field of taxation. Thus, when the General Assembly does occupy a particular field of taxation, it may reasonably be inferred that it intends to exclude municipalities from such field. It has authority to do this under Section 13 of Article XVIII, and Section 6 of Article XIII, of the Ohio

Constitution. *Angell* v. *City of Toledo,* 153 Ohio St., 179, 91 N.E. (2d), 250; *Haefner, a Taxpayer,* v. *City of Youngstown,* 147 Ohio St., 58, 68 N.E. (2d), 64.''

Therefore, this court concludes that an Ohio municipality may impose a municipal income tax but that it may be expressly or impliedly limited in its power to do so.

Several years after the *Angell* case validated Ohio municipal income taxes, the General Assembly enacted R.C. Chapter 718.

Specific limitations upon Ohio municipal income taxes are found in R.C. 718.01 as follows:

"(D)  * * *

"No municipal corporation with respect to that income which it may tax shall tax such income at other than a uniform rate.

"No municipal corporation shall levy a tax on income at a rate in excess of one per cent without having obtained the approval of the excess by a majority of the electors of the municipality voting on the question at a general, primary, or special election. * * *

"* * *

"No municipal corporation shall exempt from such tax, compensation for personal services of individuals over eighteen years of age or the net profit from a business or profession.

"Nothing in this section shall prevent a municipal corporation from permitting lawful deductions as prescribed by ordinance. * * *

"No municipal corporation shall tax any of the following:

"(a) The military pay or allowances of members of the armed forces of the United States;

"(b) The income of religious, fraternal, charitable, scientific, literary, or educational institutions to the extent that such income is derived from tax exempt real estate, tax exempt

tangible or intangible property or tax exempt activities;

"(c) Intangible income. * * *"

R.C. 718.04 also limits the power of Ohio municipalities to levy municipal income taxes against any member or employee of the Ohio General Assembly, including the lieutenant governor.

In the case *sub judice,* reference is made to the previously quoted R.C. 718.01, which reads in pertinent part as follows:

"No municipal corporation shall exempt from such tax, compensation for personal services of individuals over eighteen years of age * * *."

This specific provision of R.C. 718.01 brings the court to an analysis of the income resulting to governmental employees which is referred to as "pick-ups." Historically, the Public Employees Retirement System ("PERS") and the State Teachers Retirement System ("STRS") have funded their retirement system through contributions by the employers as well as the employees.

R.C. 3307.51 imposes a required contribution from each teachers' earned compensation as follows:

"Each teacher who is a member of the state teachers retirement system shall contribute eight per cent of his earned compensation to the teacher's savings fund except that the state teachers retirement board may raise the contribution rate to the fund to a rate not greater than ten per cent of the teacher's earned compensation. * * *"

R.C. 145.47 is a section of the Ohio Revised Code which imposes the contribution rate applicable to those public employees who are members of PERS, and which reads in pertinent part as follows:

"Each public employee who is a member of the public employees retirement system and who is a township constable, police officer in a township police department or district, sheriff, deputy sheriff, or county narcotics agent shall contribute nine and one-half per cent of his earnable salary to the employees' savings fund, and every other public employee who is a member shall contribute eight per cent of his earnable salary to the employees' savings fund except that the public employees retirement board may raise the contribution rate to a rate not greater than ten per cent of the employees' earnable salary. * * *"

The contributions required to be made by members of STRS and PERS have always been deducted from the employees' salaries and have been paid to the various retirement systems by the employers. However, a legal fiction has been developed pursuant to federal tax law which permits an employee to defer federal and state income taxation of an employee's contributions to STRS and PERS until such time as the employee retires or otherwise withdraws his or her retirement account.

The fact remains, however, that the various state retirement systems all require "an employee contribution" based upon a percentage of his or her income and thus said income remains a part of the employee's salary. It should be noted that in determining a retiring employee's retirement income, one of the factors considered is the amount of the employee's average salary, which includes what is termed as "pick-ups." It should further be noted that in the event the employee terminates his employment, rather than retires, that portion which is regarded as the employee's contribution is returned to him or her, but the employer's contribution is not returned to the employee.

The appellants, in their first assignment of error, take the position that no rule or regulation can be promulgated unless Columbus City Code

Section 121.05 is followed and that this promulgating process was never accomplished. What the appellants fail to recognize is that "all salary, wages, commissions and other compensations earned" are subject to the Columbus municipal income tax ordinance and that because "pick-ups" fall within definition of the "taxable income" described by Columbus City Code Section 361.19, there is no need to enact a regulation taxing "pick-ups." Thus, there is no failure of due process by the city of Columbus in this matter.

In the appellants' second assignment of error, it is alleged that because STRS contributions are taxed and PERS contributions are not taxed, the Columbus income tax ordinance is invalid in that it does not provide "equal protection of the law." The appellants have since agreed that the Columbus municipal income tax ordinance is applied to all public employees who are subject to "pick-ups" and, for that reason, the appellants' allegation that the appellants have been denied equal protection of the law is without basis.

The appellants' fourth assignment of error alleges that the trial court has failed to address the appellants' request for declaratory relief. The trial court's "Memorandum" states:

"The Columbus Income Tax Ordinance, however, has no provision for deferring tax but by Section 361.19 levies a tax on 'all salaries, wages, commissions and other compensation earned,' in the City or by residents of the City. It simply follows that Columbus taxes currently what all three branches of government recognize as income of the employee earned in the year the contribution is picked up but what is taxed by the State and Federal government not currently but later on. Revenue Ruling 77-462."

Therefore, the trial court did rule on the substantive issue of taxation of "pick-ups" as applied to those persons subject to the STRS and, for that reason, this court rejects the appellants' fourth assignment of error.

The appellants' third assignment of error claims prejudicial error in that the court below barred the appellants' claim for failure to exhaust their administrative remedies.

The trial court in its "Memorandum" held that:

"* * * Paragraph C of the section provides for claims for refunds within the same period as paragraph A and it makes no sense that a court action should be required before a refund claim could be acted upon. And the limitation on criminal prosecution established by paragraph B indicates that the entire section is intended to control court actions by the city and not actions *against* it."

Therefore, the trial court held that R.C. 718.06 is not applicable to class action suits instituted for the purpose of recovery of illegally collected income taxes.

The trial court, however, did not dismiss appellants' so-called class action suit based upon the appellants' failure to follow the administrative procedures set forth in R.C. Chapter 2723 and, for that reason, the court will not speculate as to the applicability of R.C. Chapter 2723 to the recovery of municipal income taxes which may have been illegally collected.

Accordingly, assignments of error numbers one, two, three, and four are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and BOWMAN, JJ., concur.