Being unable to agree with the majority opinion, I respectfully dissent. The majority correctly states that the Columbus City Code ("C.C.") is silent as to the treatment of accelerated depreciation. However, I disagree that it naturally follows that the city must enact specific legislation to include depreciation recapture as "net profits." What the majority fails to recognize is that C.C. 361.19 imposes a tax on net profits and the city has defined "net profits" broadly enough to encompass depreciation recapture for purposes of the city income tax.
In Williams v. Columbus (1987), 40 Ohio App.3d 71, the appellants made a similar argument that in the absence of a properly promulgated ordinance or rule, the city was precluded from taxing employees' contributions to the State Teachers' Retirement System ("STRS"). Under federal and state income tax laws the contributions were regarded as part of each employee's salary for federal and state income tax purposes but, because the funds were paid directly by the employers to STRS, the federal and state income tax laws permitted the contributions to be treated as deferred income which was not taxed until the income was received by the employee. The city did not so permit and levied an income tax on the employees' contributions to STRS. This court held that the contributions were subject to the Columbus Municipal Income Tax Ordinance because the contributions fell within the definition of "taxable income" as set forth in C.C. 361.19. Therefore, there was no denial of due process, nor was there a need to enact an ordinance, rule, or regulation to validly impose the tax.
"Taxable income" also includes "net profits." C.C. 361.09 defines "net profits" as follows:
 "Net profits" means the net gain from the operation of a business, profession, or enterprise or other activity (whether or not such business, profession, enterprise or other activity is conducted for profit or is ordinarily conducted for profit) after provision for all ordinary and necessary expenses either paid or accrued in accordance with the accounting system used by the taxpayer for federal income tax purposes without deduction of taxes imposed by this chapter, Federal, State and other taxes based on income; and in the case of an association, without deduction of salaries paid to partners, and other owners; and otherwise adjusted to the requirements of this chapter. (Ord. 1516-61.)
As in any case of statutory construction, "[i]t is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent." ProvidentBank v. Wood (1973), 36 Ohio St.2d 101, 105. The city of Columbus taxation scheme does not mirror the federal scheme in complexity, nor does it have to. See Williams, supra.
Here, appellant elected to use the Accelerated Cost Recovery System to depreciate the building instead of straight-line depreciation. Appellant's choice to use accelerated depreciation subjected appellant to depreciation recapture which is treated as ordinary income for federal tax purposes. While the city was not obligated to follow the federal scheme, the Columbus City Code provisions concerning "taxable income" and "net profits" are broad enough to encompass the city's position. Thus, In the absence of an express statutory prohibition of the exercise of such power, I believe a tax on "net profits" that encompasses recapture depreciation is valid.
Accordingly, I would affirm the decision of the trial court.